Filed 10/13/21  P. v. Padilla CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>LEO ANGEL PADILLA,<br><br>Defendant and Appellant. | F080878<br><br>(Super. Ct. No. 1489412)<br><br>**OPINION** |

-ooOoo-

**THE COURT**\*

APPEAL from a judgment of the Superior Court of Stanislaus County.  Nancy A. Leo, Judge.

Martin Baker for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Cavan M. Cox II, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Hill, P. J., Peña, J. and DeSantos, J.

Defendant Leo Angel Padilla pled no contest to robbery. He failed to appear for sentencing and was arrested approximately three years later. After he was arrested, his postconviction counsel filed a motion to withdraw his no contest plea. That motion was denied. He contends on appeal that his postconviction counsel was ineffective for failing to file a declaration from his former counsel in support of his motion to withdraw his no contest plea. The People disagree. We affirm.

## PROCEDURAL SUMMARY

On July 9, 2015, the Stanislaus County District Attorney filed a complaint charging defendant with robbery (Pen. Code, § 211;[1] count 1). The complaint further alleged defendant had served four prior prison terms (§ 667.5, subd. (b)).

On June 2, 2016, defendant pled no contest to count 1 and admitted the prior prison term allegations. As part of the plea agreement, defendant entered into a *Cruz*[2] waiver, whereby he was released on his own recognizance and the trial court indicated it would impose the two-year mitigated term and allow defendant to withdraw the prior prison term allegation admissions if he returned to court for sentencing. The trial court advised defendant that if he failed to appear for sentencing, he was subject to a maximum sentence of nine years (the aggravated term of five years for robbery, plus 4 one-year prior prison term enhancements) and could be charged with a separate offense for failing to appear.

On August 11, 2016, defendant failed to appear at the sentencing hearing. On the same date, the trial court issued a "no bail" warrant for defendant's arrest.

On August 25, 2019, defendant was arrested on an unrelated matter.

On January 7, 2020, defendant filed a motion to withdraw his June 2, 2016, no contest plea. On January 28, 2020, the trial court denied defendant's motion to withdraw

---

[1]     All further statutory references are to the Penal Code.

[2]     *People v. Cruz* (1988) 44 Cal.3d 1247, 1249.

2.

his plea. On the same date, the trial court struck the prior prison term enhancement findings and sentenced him to the upper term of five years on count 1.

On February 26, 2020, defendant filed a notice of appeal.

## FACTUAL SUMMARY[3]

On May 24, 2015, a security guard at a grocery store observed defendant enter the store, fill a plastic bag with merchandise, and leave the store. The security guard attempted to stop defendant outside the store. Defendant punched the security guard. The security guard then attempted to wrap his arms around defendant and both men fell to the ground. The security guard struck his head on the ground in the fall.

Defendant fled and the security guard was unable to catch him.

## DISCUSSION

Defendant contends that his trial counsel was ineffective for filing a motion to withdraw his no contest plea without also including a declaration from the public defender who represented him during the change of plea hearing. The People disagree, as do we.

### A.  Additional Background

At the change of plea hearing on June 2, 2016, the trial court engaged in the following colloquy with defendant:

> "THE COURT:  And Mr. Padilla, have you told your attorney all the facts and circumstances that are known to you about your case?
>
> "DEFENDANT:  Yes.
>
> "THE COURT:  And do you believe that you've had enough time to speak with your attorney?
>
> "DEFENDANT:  Yes."

---

[3]  The parties stipulated that the trial court could consider the arresting officer's affidavit in finding a factual basis for defendant's plea. Our factual summary is drawn from that affidavit.

The trial court then engaged in a similar colloquy with defendant's counsel:

"THE COURT: And Ms. Weisbrich, do you believe you've had sufficient time to discuss this case and all the ramifications with your client?

"[DEFENSE COUNSEL]: Yes, Your Honor.

"THE COURT: Have you discussed with your client his rights, his defenses, and possible consequences of his plea?

"[DEFENSE COUNSEL]: Yes.

"THE COURT: And do you agree there's a factual basis for the plea?

"[DEFENSE COUNSEL]: Yes, I do.

"THE COURT: And do you consent to entry of the plea?

"[DEFENSE COUNSEL]: Yes."

In defendant's motion to withdraw his plea he argued that "his attorney did not provide him with notice of exculpatory evidence, the likely existence of which was known to counsel prior to [d]efendant's plea, and was in fact obtained after the plea." Specifically, defendant contends he was not shown a "video recorded interview of the complaining witness, police reports, or photographs of any kind." Defendant contended that the evidence was exculpatory. After his plea, he learned of the existence of the identified evidence. Defendant further alleged that he would not have pled no contest if he had seen the allegedly withheld evidence.

Defendant's motion to withdraw his plea was not supported by a declaration from the public defender who represented him when he entered his no contest plea.

The People opposed defendant's motion, arguing that his motion was based on " 'buyer's remorse' " rather than "mistake, ignorance or any other factor overcoming [his] exercise of free judgment" at the time the plea was entered. The People also argued defendant's claim that he had no opportunity to review evidence prior to his plea was

4.

belied by the minute orders that reflected defendant agreed to a continuance on March 9, 2016, and again on May 12, 2016, to allow the defense to conduct further investigation and obtain additional discovery.  They further argued that defendant failed to show good cause because his motion was not accompanied by a declaration from the public defender who represented him at the change of plea hearing.  The People requested that, if the trial court was inclined to grant defendant's motion, they be permitted an opportunity to subpoena defendant's former counsel to testify regarding the matter.

At the hearing on defendant's motion, his counsel inquired of the trial court whether it was "interested in hearing from [defendant]'s former attorney or not."  The trial court responded, "I really would not.  I did not have any intention of hearing from her."  After hearing argument from the parties, the trial court denied defendant's motion.

### B.  Analysis

To establish ineffective assistance of counsel defendant must show (1) counsel's representation fell below an objective standard of reasonableness under prevailing professional norms, and (2) counsel's deficient performance was prejudicial.  (*Strickland v. Washington* (1984) 466 U.S. 668, 687–688; *People v. Ledesma* (1987) 43 Cal.3d 171, 216–217.)  " 'Unless a defendant establishes the contrary, we shall presume that "counsel's performance fell within the wide range of professional competence and that counsel's actions and inactions can be explained as a matter of sound trial strategy." [Citation.]  If the record "sheds no light on why counsel acted or failed to act in the manner challenged," an appellate claim of ineffective assistance of counsel must be rejected "unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation." ' "  (*People v. Lopez* (2008) 42 Cal.4th 960, 966.)  To establish prejudice, defendant must make a showing "sufficient to undermine confidence in the outcome" that but for counsel's errors there is a reasonable probability that the result of the proceeding would have been different.  (*Strickland*, at p. 694; *Ledesma*, at pp. 217–218.)

5.

A trial court may permit a defendant to withdraw a guilty or no contest plea if the defendant shows good cause by clear and convincing evidence. (§ 1018; *People v. Patterson* (2017) 2 Cal.5th 885, 894; *People v. Breslin* (2012) 205 Cal.App.4th 1409, 1416.) To establish good cause, the defendant must show he was "operating under mistake, ignorance, or any other factor overcoming the exercise of his or her free judgment, including inadvertence, fraud, or duress." (*Breslin*, at p. 1416.) Section 1018 is liberally construed (*Patterson*, at p. 894), but a defendant cannot withdraw a plea because he changed his mind (*People v. Nance* (1991) 1 Cal.App.4th 1453, 1456).

Here, the record sheds no light on why defendant's counsel for the motion to withdraw his plea failed to provide a declaration from his former counsel who represented defendant at the change of plea hearing. Defendant contends that there could be no satisfactory explanation for the failure to submit a declaration from his former counsel. He argues that "any reasonably competent counsel would have known" that a declaration from his former counsel was necessary because "[t]he law is clear that a defendant's self-serving statement claiming ineffective representation at the time of entering a guilty plea is legally insufficient in and of itself to sustain the burden of proof" for a motion to withdraw a plea. While we agree that defendant's self-serving declaration that he would not have pled no contest had he seen the allegedly potentially exculpatory evidence was inadequate to carry his burden (see *In re Alvernaz* (1992) 2 Cal.4th 924, 938), we cannot assume, as defendant does, that the content of any declaration by his prior counsel would have supported his motion. In the absence of evidence that a declaration would have been helpful to defendant, we must presume that trial counsel's decision not to include the declaration was a reasonable tactical decision. (*People v. Lopez*, *supra*, 42 Cal.4th at p. 966.)

Further, the record appears to undercut defendant's claim. As the People point out, defendant told the trial court during the plea colloquy that he had sufficient time to discuss the facts and circumstances of the case with his former counsel and his former

6.

counsel told the court that she had sufficient time to discuss defendant's case and his possible defenses with him. Any declaration by defendant's former counsel that indicated that she had withheld evidence from him would have been inconsistent with her statement to the court. (See *People v. Breslin*, *supra*, 205 Cal.App.4th at p. 1420 [it was not unreasonable for counsel filing a motion to withdraw a plea not to seek a declaration from a witness whose prior statement was inconsistent with the defendant's position].) On this record, we cannot conclude that there could be no satisfactory explanation for defendant's counsel's failure to seek a declaration from his former counsel—defendant's counsel may have concluded that submission of a declaration from former counsel would not have been helpful to defendant.

Defendant's claim fails because he did not show that his counsel's representation fell below an objective standard of reasonableness.

## DISPOSITION

The judgment is affirmed.